CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 17 2006

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
~~ROANOKE~~ DIVISION
DANVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 4:01cr30083-6 |
| v. | ) | ORDER |
| BISMARK VIRGILIO-TORRES. | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |

This matter is before the court upon defendant's letter, which the court construes as a motion for reduction of sentence. In 2002, the court sentenced Virgilio-Torres on one count of conspiracy to distribute narcotics to 87 months imprisonment. Virgilio-Torres now states that at the time he entered his plea agreement he did not understand the length of sentence he would receive, that during his federal prison term he has participated in various educational programs, and that he believes that he no longer is a danger and should be released from prison or his sentence should be reduced.

Although the court commends Virgilio-Torres for his personal growth while in confinement, the court finds no basis upon which to grant the relief he seeks.[1] Title 18 of the United States Code, §3582 specifically states that the court cannot modify a term of imprisonment once it has been imposed except under very specific circumstances, none of which apply in Virgilio-Torres' case. Neither the government nor the Bureau of Prisons has made a motion for modification of his sentence, and the court finds no other statutory provision under which Virgilio-Torres is entitled to a modification. See §3582(c) and Rule 35(b), Federal Rules of Criminal Procedure. Furthermore,

---

[1] Virgilio-Torres is hereby advised that if he wishes to challenge the constitutionality or validity of his conviction based on his misunderstanding or lack of understanding of the plea agreement he entered, he may file a motion to Alter, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.

1

there has been no remand from the Court of Appeals requiring a modification of sentence. See Rule 35(a). Accordingly, it is hereby

**ORDERED**

that the defendant's motion for modification of sentence shall be and hereby is **DENIED**.

The Clerk is directed to send certified copies of this order to the defendant and to counsel of record for the government.

ENTER: This 17th day of July, 2006.

                                            *Jackson L. Kiser*
                                            Senior United States District Judge